IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 31 2016

DOUGLAS F. YOUNG, Clerk
By
       Deputy Clerk

| | |
|---|---|
| Ron Dawkins, as Personal Representative and Heir at Law of Betty M. Despard, Deceased, and on behalf of the Wrongful Death Beneficiaries of Betty M. Despard, Deceased, <br> 4934 Strong Ave <br> KANSAS CITY, KANSAS 66101 <br><br> Plaintiff, <br><br> v. <br><br> GOOD SAMARITAN INSURANCE CO., LTD, <br> Aon House <br> 30 Woodbourne Avenue <br> Pembroke, HM 08 <br> Bermuda <br><br> JOHN DOES 1-6, <br><br> Defendants. | Case No.: 16-3061 <br><br> JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Ron Dawkins, as the personal representative and natural heir at law of Betty M. Despard. deceased, and on behalf of the wrongful death beneficiaries of Betty M. Despard, deceased (hereafter "Plaintiff"), by and through his counsel of record and for their Complaint and claims against Defendant Good Samaritan Insurance Co., Ltd.; and John Does 1-6, and for his Complaint of Damages hereby states and alleges as follows:

## I. INTRODUCTION & STATEMENT OF CASE

1. This lawsuit is a claim of negligence, wrongful death and violation of Long-Term Care Facilities and Services Act, Ark. Code Ann. § 20-10-1209, by The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society-Mountain Home, a nursing home in Mountain Home, Arkansas (hereafter Nursing Home) and its insurer, Good Samaritan Insurance Co., Ltd. Plaintiff alleges that Nursing Home failed to provide adequate care and protection against falls to Decedent Bette M. Despard ("Decedent"). As a result of Nursing Home's and its employees' negligence Decedent suffered a broken hip and two broken femurs. Plaintiff also alleges that Decedent eventually died from from the negligence of Nursing Home and its employees.

## II. PARTIES

1. Plaintiff Ron Dawkins ("Plaintiff") resides at 4934 Strong Ave, Kansas City, Kansas 66101. Plaintiff is the personal representative and natural heir at law of Decedent.

2. Defendant Good Samaritan Insurance Co., Ltd., is domiciled outside the United States and will be served pursuant to Rule 4(f), following a diligent search. Since the Defendant is a foreign entity, pursuant to Rule 4(m) the 90 day service rule does not apply. At all times relevant to this cause of action, including but without limitation, outlined below, and for Decedent's injuries complained of herein, Defendant Good Samaritan Insurance Co., Ltd., provided liability insurance coverage to The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society-Mountain Home applicable to Plaintiffs causes of action, injuries and damages complained of herein.

3. Defendants John Doe Insurance Company / Self-Insurance Fund / Pooled Liability Fund 1, John Doe Insurance Company / Self-Insurance Fund / Pooled Liability Fund 2, John Doe Insurance Company / Self-Insurance Fund / Pooled Liability Fund 3, John Doe Insurance Company / Self-Insurance Fund / Pooled Liability Fund 4, and John Doe Insurance Company / Self-Insurance Fund / Pooled Liability Fund 5 are entities whose identities are unknown at this time. To the extent that one or more of these entities are responsible, legally or factually, for the acts and omission name herein, or for the harm caused thereby, or to the extent they insured any of the tortfeasors liable for Plaintiffs' injuries and damage set forth in this cause thereby exposing themselves to a direct action under Ark. Code Ann. 23-79-210, they are considered tortfeasors and/or Defendants for purposes of the present action. The identity of said tortfeasors and insurance companies / self-insurance funds / pooled liability funds are unknown. Plaintiff anticipates the identity of said unknown insurance companies / self-insurance funds / pooled liability funds will be determined in discovery. Plaintiff has attached an Affidavit hereto as Exhibit A, pursuant to Ark. Code Ann. 16-56-125.

4. John Does 1-5, upon information and belief, may have committed medical malpractice and/or were negligent in providing medical care to Decedent, while she was under the care of The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society-Mountain Home, or are individuals, corporations, limited liability companies or other entities that may have had the right to control the operations of Defendant Nursing Home. Pursuant to Ark. Code Ann. § 16-56-125 and subject to the Act 649 of 2003, "the Civil Justice Reform Act of 2003," Plaintiff has attached as Exhibit

"1" and incorporated by reference herein a John Doe Tortfeasor Affidavit to toll the statute of limitations for the claims alleged herein against John Doe 1-5.

5. In the event any of The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society-Mountain Home claim immunity against any cause of action alleged herein, Plaintiffs possess the same direct causes of action against Insurance Defendants pursuant to Ark. Code Ann. 23-79-210.

6. Whenever the term "Defendants" is utilized, such term collectively refers to and includes all the named Defendants in this suit and additionally to The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society-Mountain Home.

7. Whenever it is alleged that Defendants did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of the designated companies respectively performed, participated in, or failed to perform such acts or things while in the scope and course of their employment and/or agency relationship with said Defendants.

### III. JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this court because Defendants maintain offices for the usual conduct of their respective business in Baxter County, Arkansas. In addition, each of the tortious acts alleged herein occurred in Baxter County, Arkansas. Finally, Decedent was a resident of Arkansas at the time of the negligence acts and her death.

### IV. FACTUAL ALLEGATIONS

7. On or about May 4, 2013, Decedent was admitted to Defendants' nursing home facility, where she resided for approximately 10 months.

4

8. Prior to her admission, Decedent fell at her home in Midway, Arkansas and broke her hip.

9. Decedent could not walk on her own at the time, her family could not properly care for her, and she required medical/nursing care and additional supervision to keep her safe.

10. Decedent was admitted to Defendants' nursing home facility to obtain room and board, required nursing care, and dietary services and to promote her safety/well being.

11. On or about the same day of her admission, Defendants conducted a Fall Assessment test and determined that Decedent was a high risk for falling.

12. During the course of her short stay at Defendants' nursing home facility, Decedent fell at least three additional times, each time breaking a significant bone in her body. First, she broke her other hip, then her right femur and finally, her left femur.

13. On March 17, 2014, Decedent was transported to hospice care as it did not appear she would live much longer due to the injuries she suffered to her hip and legs while in the care of the Defendants.

14. Several weeks later, on May 31, 2014, Decedent died at the Ozarks Hospice House.

15. At all relevant times, Decedent was in the care and treatment of Defendants and their employees and/or agents, and Defendants' employees and/or agents acted in furtherance of Defendants' business interests.

## V.    CAUSES OF ACTION

### *Count I – Negligence and Wrongful Death*

16. Plaintiff incorporates paragraphs 1 through 15 as fully set forth *in haec verba*.

17. Defendants owed a non-delegable duty to residents, including Decedent, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

18. Defendants owed a non-delegable duty to residents, including Decedent, in attaining and maintaining the highest level or physical, mental, and psychosocial well-being.

19. Defendants owed a non-delegable duty to residents, including Decedent, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

20. Given Decedent's clear limited mobility and fall risk assessment score, Defendants had a duty to provide her a standard of care and treatment that was usually exhibited by such nursing home facilities in the community, as well as to protect her safety and well being.

21. Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the mistreatment, abuse and neglect of Decedent. The negligence of Defendants includes, but is not limited to, the following the following acts and omissions:

   a. failing to provide proper medical care and treatment;

   b. failing to take reasonable precautions to care for Decedent given her condition;

    c. failing to follow the additional care required to monitor Decedent;

    d. failing to properly assess and develop a care plan under CFR guidelines;

    e. failing to provide Decedent with a standard of care that is usually exhibited by such nursing home facilities in the community;

    f. failing to take reasonable precautions to prevent Decedent from slipping and falling;

    g. failing to properly supervise Decedent and failing to protect her from injury;

    h. failure to properly train, in-service and orient employees as to pertinent care needs to maintain the safety of Defendant and other residents; and

    i. failing to take reasonable precautions to prevent Decedent from slipping and falling and thereby violating AR. ST. § 20-10-1209.

17. A reasonably prudent nursing home entity, operator or service provider, operating under the same or similar conditions, would not have failed to provide the ordinary care listed above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Decedents' injuries and death as more specifically described herein, which were all foreseeable. Decedent suffered excruciating pain, mental anguish, emotional distress, decreased mobility, and additional medical expenses prior to her death, and then an ultimately death, which caused her family to suffer more than normal grief. Plaintiff prays for compensatory damages for the wrongful death of Decedent, including the grief suffered as well as the expenses of her funeral, medical expenses, and other related costs.

18. As a proximate result of the aforementioned negligence, including those that constitute violations of the Ark. Code Ann. § 20-10-1209(a)(4), Plaintiff is entitled to recover and asserts a claim for all elements of actual and compensatory damages such as

physical pain and suffering, mental anguish, humiliation, emotional distress and loss of life in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases.

### Count II – Violation of the Long-Term Care Facilities and Services Act
### Ark. Code Ann. § 20-10-1209(c)

19. Plaintiff incorporates paragraphs 1 through 18 as fully set forth *in haec verba*.

20. Defendants' nursing home facility is a long-term care facility and had a statutorily mandated responsibility to provide Decedent nursing home rights pursuant to Ark. Code. Ann. § 20-10-1201, *et seq.* At all times relevant herein, Decedent was under the care and treatment of Defendants.

21. Defendants' responsibilities to Decedent in said statute are non-delegable in that Defendants are directly liable for deprivations, and infringements by any person or entity under its control, direct or indirect, including its employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools, or caused by Defendants' policies, whether written or unwritten, or common practices.

22. The duty alleged in the immediately preceding paragraph includes, but is not limited to, proper training and supervision; proper hiring, background and referral checks; and proper retraining and dismissing or employees, agents, consultants and independent contractors.

23. Notwithstanding, Defendants, through mistreatment or neglect, infringed upon or deprived Decedent of the following statutory resident's rights:

    a.    The right to receive adequate and proper health care and protective and support services, including social services, mental health services, if available, planning recreational activities, and therapeutic and rehabilitative services consistent with resident care planning, with established and recognized practice standards of the community, and with rules as adopted by the agency;

    b.    The right to private and uncensored communication, including, but not limited to, receiving and sending unopened correspondence, and access to a telephone; and

    c.    The right to be treated courteously, fairly, and with the fullest measure of dignity.

24. Further, employees and/or agents of the Defendants failed to provide Decedent with adequate fall prevention assistance, supervision, and proper care plan that a reasonably careful person would have provided under the circumstances and given the condition of the Decedent.

25. These failures caused Decedent to fall several times, sustain injuries to her hip and legs, and eventually to die.

26. As a result of the aforementioned violations of the Arkansas Code, Plaintiff, pursuant to Ark. Code Ann. § 20-10-1209(a)(4), is entitled to recover and asserts a claim for all actual and compensatory damages including but not limited to physical pain and suffering, mental anguish, humiliation, emotional distress and loss of life in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases, because these violations are the result of employees and/or agents of Defendants failing to do that, which a reasonably careful person would do under circumstances similar to those shown by the evidence in this case, which in turn caused the injuries suffered by Decedent and her death, as more specifically described in this Complaint.

27. The infringement or deprivations of resident's rights by Defendants were willful, wanton, gross, flagrant, reckless, or consciously indifferent to the rights of Decedent. Pursuant to the Ark. Code Ann. § 20-10-1209(c), Plaintiff is entitled to recover punitive damages from Defendants.

### VI. DEMAND FOR JURY TRIAL AND RESERVATIONS

28. Plaintiff requests a jury trial on all issues herein.

29. Plaintiff reserves his right to amend the Complaint to proof.

30. Plaintiff reserves the right to file additional and supplemental pleadings after further investigation and discovery.

### VII. PRAYER FOR RELIEF

Wherefore, Plaintiff, as personal representative and natural heir at law of Decedent, and on behalf of the wrongful death beneficiaries of Decedent, pray for judgment against Defendants jointly and severally against Defendants as follows:

1. For damages in an amount adequate to compensate the Estate for the injuries and damage sustained and exceeding that required for federal court jurisdiction in diversity of citizenship cases, including but not limited to:

    a. Decedent's pain and suffering;

    b. Decedent's mental anguish;

    c. Decedent's humiliation;

    d. Decedent's emotional distress; and

    e. Decedent's loss of life.

2. For damages in an amount adequate to compensate the wrongful death beneficiaries of Decedent for the injuries and damage sustained and exceeding that

required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law;

3. For all general and special damages caused by the conduct of Defendants, in an amount to be determined by a jury, and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law;

4. For the costs of litigating this case;

5. For punitive damages against Defendants to punish them for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Decedents and her statutory beneficiaries and to deter Defendants and others from repeating such atrocities; and

6. For all other and further relief to which Plaintiff is entitled by Arkansas law.

Respectfully Submitted,

Bautista LeRoy, LLC

BY _____
JOSE M. BAUTISTA, Ark. # 2009-005
ANDREW S. LeROY
104 W. 9th St., Ste. 205
Kansas City, Missouri 64105
(816) 221-0382 (Tel.)
(800) 816-7060 (Fax)
jose@bautistaleroy.com
andrew@bautistaleroy.com

ATTORNEYS FOR PLAINTIFF